UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph A. Sands,                                                    Case No. 1:21-cv-2399

        Petitioner,

    v.                                                                        ORDER

Harold May, Warden,

        Respondent.

On December 23, 2021, *pro se* Petitioner Joseph A. Sands filed his third petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1).  *See also* Case Nos. 1:14-cv-251 and 1:19-

cv-2018.  Because Sands previously had filed these petitions, Respondent Harold May[1] filed a

motion to transfer this case to the Sixth Circuit Court of Appeals as a second or successive petition.

(Doc. No. 9).  Sands opposes Respondent's motion, arguing the state court's November 15, 2016

journal entry was a new judgment which permits him to file a new habeas petition to challenge his

conviction and sentence.  (Doc. No. 12).  Sands also has filed three motions to stay this case while

he pursues state court remedies, including a petition for a writ of habeas corpus in state court.  (Doc.

Nos. 2, 6, and 10).

---

[1]  Sands currently is incarcerated at the Marion Correctional Institution in Marion, Ohio, where May
is the Warden.  The Clerk of Court is ordered to substitute May as the Respondent in this case.  Fed.
R. Civ. P. 25(d).

Magistrate Judge Jennifer Dowdell Armstrong reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2). Judge Armstrong recommends I deny Respondent's motion to transfer the petition and Sands' motions to stay, and that I dismiss the case without prejudice because Sands has not fully exhausted all of the claims he asserts in his petition. (Doc. No. 13). Judge Armstrong recommends in the alternative that I order Sands to file an amended petition excluding his unexhausted claims.

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Respondent did not file any objections to Judge Armstrong's Report and Recommendation. After reviewing the Report and Recommendation, I agree that Sands' current petition is not a second or successive petition and deny Respondent's motion to transfer. (Doc. No. 9).

Sands filed objections to Judge Armstrong's alternate recommendation that I dismiss his unexhausted claims and order him to file an amended petition, because of his concern that he would be prevented from raising those claims later on. (Doc. No. 15). He requests that I instead dismiss his entire petition without prejudice so that he may continuing pursing his state court remedies

2

before returning to federal court.  (*Id.* at 2).  I accept Sands' request and dismiss his petition without prejudice.

Finally, I deny Sands' motions to stay as moot.  (Doc. Nos. 2, 6, and 10).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
